IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL WAHID a/k/a ERIC MOODY,<br><br>Plaintiff,<br><br>v.<br><br>J. CRUZEN, et al.,<br><br>Defendants. | No. C 15-02017 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at San Question State Prison ("SQSP") in San Quentin, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff names as defendants SQSP Correctional Sergeant J. Cruzen and SQSP Correctional Officers C. Caldera, D. Ogle, and R. Christensen. During the relevant time period, Plaintiff was housed in SQSP West Block and defendants were assigned to SQSP West Block. (Compl. at 7–8.) Plaintiff identifies as Muslim and claims that, according to Al-Islam, which he defines as the religion of peace, Muslims are required to participate in congregational prayer when feasible and are granted twenty-five to twenty-seven more blessings for each congregational prayer that they participate in. (*Id.* at 7–8, 12.) He also alleges that there is a small window of time during which the congregational prayer may be performed and if that window of time passes, the prayer cannot be "made up." (*Id.* at 12.)

According to the complaint, when Plaintiff was transferred to SQSP in 2013, SQSP staff had an informal policy of prohibiting Muslim prisoners from offering congregational prayers in groups of more than four prisoners. (Compl. at 8.) As a result, on September 22, 2013, SQSP Sergeant Dutton "arbitrarily" interrupted and prohibited Plaintiff and other Muslims from conducting their congregational prayers during Open Dayroom. (*Id.* at 8–9.) Plaintiff claims that a group of twenty-five Christians who were offering congregational prayers at the same time were not interrupted by prison officials. (*Id.* at 9.) In response, on September 25, 2013, a Muslim prisoner, Khalifah E. D.

Saif'ullah,[1] submitted a group inmate appeal on behalf of Plaintiff and others prisoners, which alleged that SQSP West Block prison officials were deliberately discriminating against the Muslim religion in violation of the First and Fourteenth Amendments. (*Id.*, Ex. A at 1.) On April 25, 2014, the group appeal was granted in part at the third level by referring the issue to the prison's Religious Review Committee ("RRC") to determine the least restrictive alternative pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (*Id*, Ex. A at 11.) On May 14, 2014, the RRC ordered that the Muslim community in West Block be allowed to conduct group congregational prayers for up to 15 prisoners at a time, with the prayers lasting between six to eight minutes. (*Id.* at 9 and Ex. B at 1–3.) On June 3, 2014, a memorandum was distributed to all West Block staff and inmates, informing them of the RRC's religious accommodations for Muslim group prayers in West Block. (*Id.*, Ex. B at 3.)

From June 28, 2014 to July 25, 2014, Muslim prisoners housed in West Block offered congregational prayers daily without incident. (Compl. at 9–10.) On July 25, 2014, as Plaintiff and approximately fourteen other Muslim prisoners were engaged in congregational prayers, Defendants Cruzen, Ogle, Christensen, and Cadera surrounded the Muslim prisoners. (*Id.* at 10.) Defendant Cruzen ordered the prisoners to stop their prayers. (*Ibid.*) Defendant Cruzen claimed to be unaware of the RRC's religious accommodation for Muslim group prayers. (*Id.* at 11.) When presented with a copy of the June 3, 2014 staff memorandum setting forth the religious accommodation, Cruzen claimed that the accommodation was no longer in effect. (*Ibid.*) Cruzen ordered Plaintiff and the Muslim prisoners to disperse, and Defendants Olge, Christensen, and Cadera verbally confirmed Cruzen's orders. (*Id.* at 12.) The prisoners dispersed. (*Ibid.*)

On July 28, 2014, Saif'ullah submitted an emergency appeal regarding Cruzen's interruption of the July 25, 2014 congregational prayer. (Compl. at 13 and Ex. C.) That same day, Appeals Coordinator Lieutenant Davis visited West Block; verbally granted

---

[1] Khalifah E. Saif'ullah is also known as Fernando Jackson. (Compl., Ex. A at 1.)

Saif'ullah's appeal; and informed West Block staff that Muslim prisoners were authorized to conduct congregational prayers in groups of fifteen prisoners or fewer. On August 5, 2014, the emergency appeal was formally granted, and West Block staff was made aware of the memorandum authorizing Muslim congregational prayer service within West Block. (*Id.*, Ex. C at 4–5.)

Plaintiff claims that Defendants' actions in interrupting the July 25, 2014 prayer violated his rights the First Amendment's Free Exercise clause, Establishment Clause, and Free Speech clause; denied him equal protection of the laws in violation of the Fourteenth Amendment; and violated RLUIPA. Plaintiff claims that as a result of Defendants' wrongful actions, he suffers from severe spiritual, emotional and psychological stress and duress. Plaintiff seeks declaratory relief; injunctive relief; and compensatory and punitive damages.

**C.     Analysis**

    1)     <u>Declaratory relief</u>

A suit under the Declaratory Judgment Act must present an actual "case or controversy" within the meaning of Article III, section 2 of the Constitution, and meet statutory jurisdictional prerequisites. *See Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998) (en banc). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider whether the facts alleged, under all the circumstances, show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Shell Gulf of Mex. v. Ctr. for Biological Div.*, 771 F.3d 632, 635 (9th Cir. 2014) (internal citations and quotations omitted). Here, Plaintiff alleges that Defendants violated his constitutional rights by interfering with Muslim congregational prayers on July 25, 2014, despite prison policy authorizing the prayer. However, Defendants' alleged unconstitutional action took place ten months ago, on July 25, 2014. The alleged violation was promptly addressed and remedied via the prison grievance system, and has not reoccurred since. Plaintiff's allegations fail to establish a

real and immediate threat of injury, and his complaint is therefore moot. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (to satisfy Article III case or controversy requirement, plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical") (internal quotations and citations omitted)). Declaratory judgment may not be used to secure judicial determination of moot questions. *See Williams v. Alioto*, 549 F.2d 136, 141 n.4 (9th Cir. 1977).

Nor do Plaintiff's allegations establish that he may invoke the exception to the mootness rule. "The capable of repetition, yet evading review exception to the mootness doctrine is limited to extraordinary cases where two elements combine: (1) the challenged action is of limited duration, too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985) (internal citations omitted). An isolated instance of unconstitutional action by Defendants — that took place ten months ago and was immediately remedied — does not, by itself, establish a reasonable expectation that Defendants will interrupt the prayers in the future.

2) <u>Injunctive relief</u>

The "case or controversy" requirement also applies to requests for injunctive relief. *Williams*, 549 F.2d at 141 n.4. Accordingly, Plaintiff's request for injunctive relief is moot since he has failed to establish a case or controversy. In addition, "[t]he requirements for the issuance of a permanent injunction are the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1495 (9th Cir. 1996) (internal quotations omitted). Plaintiff's allegations fail to meet these requirements. Assuming arguendo that the interruption of Muslim congregational prayers will cause Plaintiff substantial and irreparable injury, Plaintiff has not established that there is a likelihood that his Muslim

congregational prayers will again be interrupted. Nor has he established the inadequacy of remedies at law. In fact, his allegations establish that the prison grievance system promptly and adequately remedied the alleged constitutional violation.

        3)    <u>Damages</u>

A determination that Plaintiff's claims for declaratory and injunctive relief are moot does not mean that his claim for damages is moot as well. *See Independent Living Center of Southern California, Inc. v. Maxwell-Jolly*, 590 F.3d 725, 728–29 (9th Cir. 2009) (when intervening legislation has settled a controversy involving only injunctive relief, but plaintiff also sought damages when filing suit, the controversy is not rendered moot as to claim for damages). Although plaintiffs generally may recover damages for pain and suffering and mental and emotional distress that results from constitutional violations, *see Carey v. Piphus*, 435 U.S. 257, 264 (1978); *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988), the Prisoner Litigation Reform Act ("PLRA") provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury, *see* 42 U.S.C. § 1997e(e).

However, where there is no actual injury, nominal damages are available for a violation of § 1983. *See Carey*, 435 U.S. at 266-67; *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996); *see also Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999) (excessive force plaintiff may seek nominal damages on remand even though compensatory damages no longer available). In fact, nominal damages *must* be awarded if the plaintiff proves a violation of his constitutional rights. *See Floyd v. Laws*, 929 F.2d 1390, 1402 (9th Cir. 1991) ("If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive."); *see also Schneider v. County of San Diego*, 285 F.3d 784, 794 (9th Cir. 2002) (finding that plaintiff was entitled to nominal damages on his procedural due process claim, as a matter of law, "as a symbolic indication of his constitutional right"); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014) (although plaintiff not entitled to compensatory damages for any time he spent in prison as a result of violation of his *Miranda* rights because he was also serving time on

other convictions, success on merits of § 1983 *Miranda* claim would entitle him to an award of nominal damages).

Punitive damages may be awarded in a § 1983 suit "when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages are unavailable as a matter of law against a defendant sued in his official capacity, but are available against the same defendant sued in his individual capacity. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999).

Plaintiff has specified that his injuries are spiritual, emotional and psychological, and seeks compensatory and punitive damages. He does not allege any physical injury. Pursuant to 42 U.S.C. § 1997e(e), he therefore may not recover compensatory damages. However, he may recover both punitive and nominal damages. Plaintiff has sued Defendants in their individual capacities, thereby allowing him to recover punitive damages against them. Although Plaintiff does not seek nominal damages, his complaint is consistent with a claim for nominal damages even though they are not expressly requested. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints may be construed liberally); *Allah v. Al–Hafeez*, 226 F.3d, 247 251 (3d Cir. 2000) (construing *pro se* complaint to include claim for nominal damages where complaint sought only compensatory and punitive damages). The Court therefore construes the complaint to include a claim for punitive damages.

Accordingly, the Court finds that, liberally construed, the allegations in the complaint states a claim against SQSP Correctional Sergeant J. Cruzen and SQSP Correctional Officers C. Caldera, D. Ogle, and R. Christensen for punitive and nominal damages for interrupting the July 25, 2014 Muslim congregational prayer in violations of Plaintiff's rights under the First Amendment's Free Exercise clause, Establishment Clause, and Free Speech clause; the equal protection clause of the Fourteenth Amendment; and RLUIPA.

//

# CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Correctional Sergeant J. Cruzen and Correctional Officers C. Caldera, D. Ogle, and R. Christensen at San Quentin State Prison,** (San Quentin, CA 94964). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate

factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

        4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

        5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

        6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

        7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

        8.    Discovery may be taken in accordance with the Federal Rules of Civil

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: May 28, 2015

_____
BETH LABSON FREEMAN
United States District Judge